SON–LIN FARMS, INC., a corporation, Plaintiff,

v.

DYCO PETROLEUM CORPORATION, a foreign corporation; Pan-Eastern Exploration Company, a foreign corporation; and Midlands Gas Corporation, a foreign corporation, Defendant.

No. CIV–81–578–D.

United States District Court, W.D. Oklahoma.

Oct. 7, 1982.

Mark R. Wesner, Cordell, Okl., John N. Goodman, Oklahoma City, Okl., for plaintiff.

Lance Stockwell, Tulsa, Okl., C. Harold Thweatt and Lee B. Thompson, Oklahoma City, Okl., Robert A. Miller, Jr., Lakewood, Colo., for defendant.

## OPINION

DAUGHERTY, District Judge.

At the start of the nonjury trial herein, the Plaintiff dismissed its Second Cause of Action without objection from Defendants. In its remaining First Cause of Action Plaintiff asserts that it owns the mineral interest under Section 34, Township 10 North, Range 16 West, Washita County, Oklahoma which was subject to a ten-year oil and gas lease effective February 20, 1971 held by Defendants with the Defendant Dyco Petroleum Corporation (Dyco), being the eventual operator. Plaintiff alleges herein that said oil and gas lease should be cancelled under terms of the lease and also the implied covenant to diligently develop[1] for the reason that

---

1. The lease provides in part as follows:
   "If the lessee shall commence to drill a well ... within the term of this lease or any extension thereof, ... the lessee shall have the right to drill such well to completion ... with reasonable diligence and dispatch, and if oil or gas, or either of them, be found in paying quantities, this lease shall continue and be in force with like effect as if such well had been completed within the term of years first mentioned."
   Under Oklahoma law there is also an implied covenant or duty on a lessee to diligently devel-

op leased premises. *Gregg v. Harper-Turner Oil Co.,* 199 F.2d 1 (Tenth Cir.1952); *Doss Oil Royalty Co. v. Texas Co.,* 137 P.2d 934 (Okla.1943). The implied covenant requires that the lessee diligently develop the premises, and the lessee's diligence is measured by the "prudent operator rule." This rule requires the lessee to do whatever the circumstances surrounding the lease would require of an operator of ordinary prudence, having due regard for the interests of both the lessor and the lessee. *Texas Consolidated Oils v. Vann,* 208 Okl. 673, 258 P.2d 679 (1953).

**2**

though Defendants started a well on February 18, 1981 within the primary term of said lease, it did not at the time of commencing said well do so with a good faith intention to drill the well after the same was commenced and did not proceed after commencement of the well with diligence as a reasonably prudent operator would have proceeded in drilling the same. Plaintiff particularly relies on the fact that upon commencing said well the Defendants unduly prolonged the drilling of the conductor hole by drilling only a foot or two a day for a period of approximately two months when the deep drilling rig was moved onto the property.

Defendants assert that the well was commenced within the primary term with all delay rentals having been paid and was commenced with the good faith intention of drilling the same to the Atoka formation at approximately 15,800 feet; that the slow drilling of the conductor hole was specifically done in the good faith belief, though perhaps legally incorrect, that operations after commencement should be continuous to satisfy its obligation of diligent development; that a deep drilling rig was not available to Defendants when it was decided on or about February 10, 1981 to commence the well and though, when the decision to drill the well to the Atoka formation was made, immediate efforts were undertaken by Defendants to obtain a deep drilling rig, they were then in very scarce supply and such efforts were not successful; that the very first deep drilling rig Defendants were able to obtain was moved on the property and the well drilled to the Atoka formation at approximately 15,800 feet and the well was completed as a producer. Further, that a diligent and prudent operator would have so conducted himself and that any extra expense by the slow drilling of the conductor hole was not in any way at Plaintiff's expense, but solely at the expense of the Defendants. Defendants therefore allege that the well was commenced in term in good faith to drill the same to the Atoka and that they did so under the circumstances of this case diligently and as would be done by a prudent

operator. Defendants request that their oil and gas lease not be cancelled as desired by Plaintiff.

■ Under the evidence presented, the Court finds and concludes that the Defendants, acting together with Dyco as operator, did not make a decision to drill this property until approximately February 10, 1981 or ten days before the primary term of the lease involved expired; that all delay rentals had been paid; that at time of the decision to drill or prior thereto, the Defendants did attempt to get a new or top lease on said property from Plaintiff without success; that upon the decision of Defendants to commence the well on or about February 10, 1981, they immediately attempted to locate and put under contract a deep drilling rig; that at this particular time deep drilling rigs were in very great demand and their availability was very tight; that diligence was exercised by Defendants in attempting to locate such a rig by numerous contracts; that the first deep drilling rig available to Defendants was moved on the location; that to place a deep drilling rig on said property Defendants used a rig under contract to it and moved the same on the property as soon as the same completed the well which it was drilling at a location in Texas when the decision was made on or about February 10, 1981 to commence a well on the property involved herein; that this rig from Texas was used though said rig had a safe drilling capacity of only 12,500 feet but could be used to drill as deep as 15,800 feet with care, though the operation would be slower at depths below 12,500 feet; that the Defendants were drilling an offset well in Section 35 which on or about February 10, 1981 gave indications of being a commercial producer in the Atoka formation at approximately 15,800 feet; that this information was very important to the decision Defendants made to commence the well in the section involved herein; that although the decision was made about that time to drill deeper in the adjoining well to the Upper Morrow at approximately 17,500 feet, the slow operation with reference to the con-

ductor hole was not done to await information as to the Upper Morrow in the adjoining well, for when the Upper Morrow was reached in the adjoining well, it was found to be dry notwithstanding which discovery Defendants continued the drilling of the well in the section involved herein to completion in the Atoka formation at around 15,800 feet. The Court further finds that Plaintiff has not shown by any evidence that a different deep drilling rig was available to Defendants which could have been moved on the premises at an earlier date than Defendants were able to move on a deep drilling rig. Nor has any claim been made or evidence presented by Plaintiff that Defendants were not financially able to drill the well.

The Court therefore finds and concludes from the evidence that Defendants had a good faith intention to drill the well involved herein to completion in the Atoka formation when the decision was made on February 10, 1981 to drill the well and when the same was started on February 18, 1981. There is no evidence to indicate otherwise, and the well was actually drilled by Defendants to the Atoka with commercial production.

As to being a diligent and prudent operator in drilling said well after it was commenced, the problem was getting a deep drilling rig. The Court finds that the delay in obtaining a deep drilling rig for the location was not due to either bad faith or lack of diligence and prudence, but was due solely to the inability to obtain on the market such a drilling rig at that time. Due diligence and prudence was exercised by Defendants in making numerous contacts for a deep drilling rig and in obtaining the first available rig and moving it onto the location and in the meantime in engaging in continuous operations on the property to prepare the location for the deep drilling rig when the same became available. It is not bad faith or lack of diligence or prudence to fail to do something which could not in fact under the evidence herein have been done. Plaintiff's argument that they should have put such a rig under contract sometime in the middle of 1980 and De-

fendants' failure to do so requires cancellation of their lease under either its terms or the implied covenant to diligently develop is without merit. Defendants' obligations with reference to good faith and diligent development as applicable herein became incumbent upon them when the decision was made to commence a well and thereby develop the property. Defendants had a right to commence a well up until the end of the primary term of their lease as they had paid all annual delay rentals, and it would not constitute bad faith, or lack of diligence and prudence, to not get a deep drilling rig under contract until Defendants had made their decision to commence a well and develop the property. Prudent operators simply would not place a deep drilling rig under contract or move one on the property if they had one at their disposal until after a decision was made to drill and develop the property.

In *Stoltz, Wagner & Brown v. Duncan*, 417 F.Supp. 552 (W.D.Okla.1976), this Court stated:

"But on said date [within primary term of lease] Defendants must have had the good faith intention to unqualifiedly drill the well and must have commenced drilling the well on said date and pursued such drilling as a reasonably prudent operator."

Under this rule and the evidence presented herein, the Court finds that when the well was commenced, the Defendants had the good faith intention to unqualifiedly drill the well in Section 34 to completion in the Atoka formation which in fact they did. The Court finds that said well was commenced within the primary term of Defendants' lease. The Court further finds that under the circumstances of this case, the drilling of the well was accomplished with diligence and as a prudent operator would have accomplished the drilling; that the slow drilling of the conductor well was not done in bad faith and was not a lack of diligence or prudence under the circumstances of this case inasmuch as the completion of the commenced well was depend-

ent upon the availability and movement onto the property of a deep drilling rig and that as none were available at the time the decision in good faith was reached to commence the well and develop the property and after numerous and continuous contacts the first available rig was obtained and moved onto the property by Defendant, the operation of commencing and drilling the well to completion was accomplished in a diligent and prudent manner. The Court specifically finds that Defendants did not delay the well through the slow conductor hole work to obtain information about the Upper Morrow from the adjoining well. If this had been so and as the Upper Morrow was dry in the adjoining well, any such delay based on this information would have resulted in the well not having been drilled to completion in the Atoka. But said well was drilled to completion in the Atoka which formation, when the decision was made to commence and drill the same, was a producing horizon in the adjoining well and on this basis said decision was made. The Court further finds that the slow conductor work was done solely to maintain continuous drilling operations on the premises until Defendants were able to get a deep drilling rig. Though the prudent operator rule might be violated by such slow conductor hole drilling if a deep drilling rig was available on the market to Defendants through diligent efforts, such rule was not violated under the circumstances of this case as found above.

The Court is satisfied that Defendants commenced the well within the primary term, at the time of commencement had the good faith intention to unqualifiedly drill the well to the Atoka formation and proceeded under the circumstances of this case from date of commencing the well to completion with diligence and as a prudent operator would have proceeded.

Defendants' lease should not therefore be cancelled. The same is held by the production from the well drilled by Defendants. Plaintiff's action should be dismissed. The Court will enter a Judgment dismissing Plaintiff's action.